FILED by WC D.C.
ELECTRONIC

Jul 15 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 02-61116-CIV-UNGARO-BENAGES

CONSTANCE KANE,
on behalf of herself and all similarly
situated,

    Plaintiff,

vs.

FEDEX CORPORATE
SERVICES, INC.
a Delaware corporation,

    Defendant.
_____/

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF WITNESSES NEVER DISCLOSED TO PLAINTIFF BY DEFENDANT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, CONSTANCE KANE, by and through her undersigned attorneys, moves for the entry of an order granting Plaintiff's Motion in Limine to Exclude Testimony of Witnesses Never Disclosed to Plaintiff by Defendant, and states:

1. Plaintiff filed a claim against Defendant for violations of the Fair Labor Standards Act, ("FLSA"), for failing to pay Plaintiff overtime.

2. On October 18, 2002, Defendant served its Rule 26, Initial Disclosures. On March 17, 2003, Defendant served its response to Plaintiff's First Set of Interrogatories.

3. Within the initial disclosures and the answers to Interrogatories, Defendant listed the persons with knowledge regarding Plaintiff's claim. Defendant never supplemented its initial disclosures or its answers to Interrogatories to include additional witnesses.

4. The discovery deadline in the present action was set for March 14, 2003. [DE 9].

5. On June 27, 2003, the parties filed their Joint Pretrial Stipulation, including their witness and exhibit lists. [DE 40].

6.	On its witness list, Defendant included witnesses that were never disclosed to Plaintiff. The witnesses never disclosed to Plaintiff were Josie Davis, Robin Leachman, Deborah Binelli, Norman Caramat, Randy Jackson, and Peggy Deen.

7.	As discussed in detail *infra*, Defendant's failure to disclose the aforementioned witnesses violates a myriad of Local Rules and Federal Rules of Civil Procedure, and necessitates an Order excluding these witnesses from testifying at trial in the above styled action.

8.	The undersigned counsel has contacted counsel for Defendant, Jeanna Littrel, Esq., who has advised that the Defendant opposes the granting of this Motion.

9.	This Motion is made in good faith and is not for the purpose of delay. No party will be unfairly prejudiced by the requested enlargement.

10.	Plaintiff would be unfairly prejudiced should this Motion be denied as she will be deprived of knowing the substance of these witnesses' testimony prior to trial. Alternatively, Plaintiff would respectfully request leave of Court to depose these previously undisclosed witnesses prior to trial.

## MEMORANDUM OF LAW

Pursuant to Local Rule 26.1, S.D.Fla.LR., Local Rule 16.1, S.D.Fla., and Federal Rule 26(e), Fed.R.Civ.P., a party is under a continuing obligation to disclose witnesses and exhibits. In fact, Rule 26(e), Fed.R.Civ.P., imposes an ongoing and broad reaching duty to supplement or correct disclosures made during earlier stages of the case. It is axiomatic that a party's failure to do so shall result in mandatory sanctions, including preclusion from use at trial, unless the violator shows exception. Fed.R.Civ.P. 37(c)(1); see also Local Rule 16.1(B)(1), (4). If a party, without substantial justification, fails to disclose any witness or information required to be disclosed pursuant to the mandatory disclosure requirements of Local Rule 16.1, S.D.Fla.LR., or Rule 26(e)(1), Fed.R.Civ.P., the party may not use testimony from that witness or the undisclosed information as evidence at trial, at a hearing, or in connection with a motion, unless the failure to

disclose was harmless.  See Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996) (affirming district judge's refusal to permit introduction of charts prepared by plaintiffs' expert as rebuttal evidence at trial of claim on oil and gas lease); Nguyen v. IBP, Inc., 162 F.R.D. 675, 679-680 (D. Kan. 1995) (burden of establishing substantial justification or harmlessness is on party who failed to make required disclosure).

The purpose of this sanction is to provide parties with an incentive to timely disclose all material evidence in support of their positions that they intend to use at any point during the course of the litigation, thus attacking the temptation some parties might feel to try to gain a tactical advantage at trial by exposing for the first time at that stage evidence that is favorable to their position. See Fed.R.Civ.P. 37(c), *advisory committee's note* (1993); see also In re Timi Litig. Cases Consol. II, 911 F. Supp. 775, 816 (M.D. Pa. 1996) (initial disclosure rule ordinarily violated when complete statement of expert witness's opinions was not provided); Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 116 S. Ct. 84 (1995) (district court did not abuse its discretion in limiting testimony of plaintiff's expert witness based on failure to comply with discovery order regarding disclosure of experts).  The drafters described the evidence preclusion sanction for a party's failure to make mandatory disclosures as "self-executing" and "automatic." Fed.R.Civ.P. 37(c), *advisory committee's note* (1993).

In the instant case, Defendant has listed six (6) previously undisclosed trial witnesses and for the first time in its trial witness list.  Defendant's last minute disclosures unfairly prejudice Plaintiff as Plaintiff never had an opportunity to depose these witnesses and to conduct further discovery regarding the non-disclosed witnesses and exhibits.  Defendant's disclosure of these witnesses at the eleventh hour is nothing more than an attempt by Defendant to try this case by ambush;  exactly the type of tactic which the drafters of the very Rules which Defendant has ignored sought to combat.

-3-

To allow Defendant to call any of the non disclosed witnesses would turn the intent of the drafters of these Rules on its head.

Accordingly, for all the reasons set forth herein, Plaintiff respectfully requests that this Court strike the names of Defendant's witnesses which were not previously disclosed in discovery and which were not previously disclosed in Defendant's initial disclosures and answers to Interrogatories.

**WHEREFORE**, Plaintiff respectfully requests that this Court strike the names of Defendant's witnesses which were not previously disclosed in discovery and which were not previously disclosed in Defendant's initial disclosures or answers to Interrogatories.

Dated: July 15, 2003

Respectfully submitted,

ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A.
COUNSEL FOR PLAINTIFF
300 Las Olas Place -- Suite 860
300 S.E. 2nd Street
Fort Lauderdale, FL 33301
TEL: (954) 522-3456
FAX: (954) 527-8663
Email: mpancier@rrdplaw.com

/s/Michael A. Pancier\_\_\_\_
Stuart A. Rosenfeldt, Esq.
Fla. Bar No. 316113
Michael A. Pancier, Esq.
Florida Bar No.: 958484

-4-

-5-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing documents has been served via facsimile on July 15, 2003 upon:

Jeanna Littrell, Esquire
Federal Express Corporation
3620 Hacks Cross Road
Building B – Third Floor
Memphis, TN 38125

and

David H. Spalter, Esq.
Law Office of David H. Spalter
3325 S. University Drive, Ste. 102
Davie, FL  33328-2005

> ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A.
> COUNSEL FOR PLAINTIFF
> 300 Las Olas Place -- Suite 860
> 300 S.E. 2nd Street
> Fort Lauderdale, FL 33301
> TEL: (954) 522-3456
> FAX: (954) 527-8663
> Email: mpancier@rrdplaw.com
>
> /s/Michael A. Pancier_____
>     Stuart A. Rosenfeldt, Esq.
>     Fla. Bar No. 316113
>     Michael A. Pancier, Esq.
>     Fla. Bar No. 958484

H:\swrdocs\02-8058\Motion in limine to exclude witnesses.doc

-5-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 02-61116-CIV-UNGARO-BENAGES

CONSTANCE KANE,
on behalf of herself and all similarly
situated,

    Plaintiff,

vs.

FEDEX CORPORATE
SERVICES, INC.
a Delaware corporation,

    Defendant.
_____/

## ORDER GRANTING
## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
## TESTIMONY OF WITNESSES NEVER DISCLOSED
## TO PLAINTIFF BY DEFENDANT

This Cause is before the Court upon Plaintiff's Motion in Limine to Exclude the Testimony of Witnesses Never Disclosed to Plaintiff by Defendant. The Court has carefully considered the motion and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion in Limine is hereby **GRANTED**. Defendant is excluded from calling Josie Davis, Robin Leachman, Deborah Binelli, Norman Caramat, Randy Jackson, and Peggy Deen as witnesses in trial in the above styled action.

**DONE AND ORDERED** in Miami-Dade County, this ____ day of ____, 2003.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Michael Pancier, Esq.
Jeanna Littrell, Esquire
David H. Spalter, Esq.